# Exhibit A



Personal and Confidential

March 31, 2023

Brian Conn

Jupiter, FL 33477

Re: Management Fee Distribution Bonus Award

Dear Mr. Conn:

As discussed, subject to your executing and returning to my attention a signed copy of this Management Fee Distribution Bonus Award agreement (the "Bonus Award Letter") by April 4, 2023, Gillson Capital LP ("Gillson" or the Company") is pleased to award you a management fee distribution bonus of $1,166,293 (the "Bonus"), which shall be subject to applicable deductions and withholdings.

As we have discussed, you understand and agree that, in the event that you resign within six months from the anniversary date of this Agreement, you shall repay to the Company the gross amount of the Bonus within ten (10) days of your last day of employment.  In the event that you resign after six months of the anniversary date of this Agreement, but before the one-year anniversary of this Agreement, you shall repay to the Company 50% of the gross amount of the Bonus within ten (10) days of your last day of employment.

The repay provisions above are not applicable if the Company has announced that it is ceasing operations.

Separately, if your employment with the Company is terminated for "Cause" (as defined below) prior to the one-year anniversary of the date of this Agreement, you shall repay to the Company the gross amount of the Bonus within ten (10) days of your last day of employment. [For purposes of this Management Bonus Award Letter, "Cause" shall mean your: (i) a material breach of the terms of any agreement between you and the Company or any of its affiliates; (ii) your engaging in fraudulent, dishonest, gross or willful misconduct; (iii) your failure to comply with any applicable Company compliance manual, or any other rule, regulation, code, policy or procedure of the Company or any of its affiliates (including, without limitation, Gillson) or any regulatory body; (iv) your engaging in, or your prior engagement in, conduct that materially harms or could reasonably be expected to materially harm the business, interested or reputation of the Company or any of its affiliates; or (v) your conviction of any criminal offense involving dishonesty or moral turpitude or of any felony.]

Nothing herein is intended to modify the at-will nature of your employment with the Company, or to guarantee you continued employment for any particular period of time, or to guarantee you any particular level of compensation. You represent and agree that you have read this Bonus Award Letter, have had an adequate opportunity to review its terms, understand its terms and consequences, and are executing it freely and voluntarily.

This Bonus Award Letter contains the entire understanding between the parties on the subjects covered herein and supersedes all prior agreements, arrangements, and understandings, whether written or oral on the subjects covered herein. You represent that you have not relied on any statement or promise not contained in this Bonus Award Letter in deciding to sign it. This Bonus Award Letter may not be changed orally, but only in a writing signed by both parties.

Brian, kindly sign below and return a fully executed copy to my attention by April 4, 2023. We appreciate your contributions to the Company and look forward to continuing the Company's success.

Sincerely,

GILLSON CAPITAL LP

By: *Martin Kalish*
Name:  Martin Kalish
Title:  Chief Operating Officer


ACCEPTED AND AGREED:

_____
Name:  Brian Conn

Date:  4/8/2023