# Exhibit B



Personal and Confidential

June 14, 2023

Brian Conn

Jupiter, FL 33477

Re: Mid-Year Discretionary Bonus Award Agreement

Dear Mr. Conn:

As discussed, subject to your executing and returning to my attention a signed copy of this discretionary bonus award agreement (the "Bonus Letter") by June 16, 2023, Gillson Capital LP ("Gillson" or the Company") is pleased to award you a discretionary bonus of $25,000 (the "Bonus"), which shall be subject to applicable deductions and withholdings.

Confidentiality. You recognize that any knowledge or information of a confidential nature relating to the business of the Company or any of its parent, subsidiaries or affiliates, and of their respective clients (including Client Information), including without limitation all types of trade secrets, client lists or information, employee lists or information, information regarding product development, marketing plans, management organization information, operating policies or manuals, business plans, performance results, financial records, packaging design, data and information relating to the Company's investments (including without limitation any information in any form that constitutes all or part of the track record of such investments), operations and overall business, names of investors or other financial, commercial, business or technical information (collectively, "Confidential Information") must be protected as confidential, not copied, disclosed or used other than for the benefit of the Company at any time, unless and until such knowledge or information is in the public domain through no wrongful act by you. You further agree not to publish, make use of or divulge Confidential Information to anyone, without the Company's consent, during employment and following termination of your employment. Further, at the termination of your employment for any reason you shall not retain and you shall return to the Company any tangible property, documents or information in any form or other like material assigned to you by the Company or prepared by you during your employment, including all copies thereof, and you shall not misappropriate or infringe upon the Confidential Information of the Company or any of its affiliates (including the recreation or reconstruction of Confidential Information from memory). Notwithstanding the foregoing, you agree and acknowledge that nothing in the foregoing or in this agreement prohibits, limits or otherwise restricts you or your counsel from initiating communications directly with, responding to any inquiry from, volunteering information (including Confidential Information) to, or providing testimony before, the Securities and Exchange Commission (the "SEC"), the Department of Justice, the Financial Industry Regulatory Authority,

any other self-regulatory organization or any other governmental authority, in connection with any reporting of, investigation into, or proceeding regarding suspected violations of law, and that you are not required to advise or seek permission from the Company before engaging in any such activity. You further recognize that, in connection with any such activity, you must take reasonable precautions to protect the Confidential Information that is disclosed to such governmental authority in connection with any such reporting, investigation or proceeding and to ensure that any such Confidential Information that is disclosed to such governmental authority is not made generally available to the public, including by informing such governmental authority of the confidentiality of the same. Additionally, you may make disclosures of Confidential Information to the extent required by any valid subpoena, court order, regulatory request or other legal process, provided that you shall first give the Company prompt notice so as to allow the Company sufficient opportunity to challenge such subpoena, court order, regulatory request or other legal process, or otherwise to attempt to limit the scope of such disclosure or obtain appropriate protection for Confidential Information. This agreement applies to all Confidential Information, regardless of when such Confidential Information is or was disclosed to you. Notwithstanding the foregoing, Confidential Information shall not include any information in your possession or known to you prior to employment with the Company, including but not limited to information that is located on your rolodex (whether paper or electronic), any information that is generally known in the industry or in the public domain, or any information that becomes generally known in the industry or in the public domain through no wrongful act on your part.

<u>Non-Solicitation.</u> You acknowledge that all clients of the Company are the Company's clients and are not yours personally. You acknowledge that by virtue of your employment with the Company, you may gain or have gained knowledge of the identity, characteristics and preferences of the clients of the Company and its affiliates ("<u>Client Information</u>"), and that you would inevitably have to draw on this Client Information and on other Confidential Information (as defined below) if you were to solicit or service the Company's clients on behalf of a competing business enterprise. You understand that a client of the Company or its affiliates may be an investor in an investment vehicle managed by the Company or any such affiliate and that the terms hereof will apply equally to each such investor.

Accordingly, you agree that during your employment and for eighteen (18) months following the termination of your employment with the Company for any reason, you will not, and you will not encourage or assist any other person or entity to, solicit the business of or perform any services for (i) any person or entity that is a client as of the last day of your employment (the "<u>Termination Date</u>"), (ii) any person or entity that has been a client within the twelve (12) months preceding the Termination Date, or (iii) any prospective client the Company has actively solicited within the twelve (12) months preceding the Termination Date; <u>provided, however,</u> that, after your departure from the Company, the foregoing restriction shall not apply to with respect to such customers of the Company, if any, that (x) you had no interactions with during your employment with the Company and received no confidential information concerning such customer; or (y) you serviced prior to your employment with the Company and which were introduced to the Company by you. You further agree that, during this period, you will not encourage or assist any other person or entity to encourage or induce any such client to cease doing business with, or lessen its business with, the Company, or otherwise interfere with or damage (or attempt to interfere with or damage) any of the relationships between the Company and its clients or prospective clients.

You agree that during your employment and for eighteen (18) months following the termination for any reason of your employment with the Company, you will not hire or seek to hire (whether on your own behalf or on behalf of some other person or entity) any person who is, as of the Termination Date, an employee of the Company or who had left the employ of the Company within eighteen (18) months prior

to the Termination Date. Nor will you, during this period, directly or indirectly encourage or induce any employee of the Company to leave such the Company's employ.

<u>Disparaging Comments.</u> Prior to the termination of your employment and thereafter without limitation of time, you shall not disparage or defame the Company, any of its parent, subsidiaries or affiliates, any of their respective current or former officers, directors, shareholders, partners or members, in communications with investors, clients, potential clients, competitors, the media, or other persons with whom any of the above do business or may do business. Likewise, prior to the termination of your employment and thereafter without limitation of time, the Company shall not disparage or defame you in communications with investors, clients, potential clients, competitors, the media, or other persons with whom any of the above do business or may do business. The parties' obligations under this Section 8 shall not apply to truthful disclosures required by applicable law, regulation or order of any court or governmental agency.

<u>Policies and Procedures.</u> You agree to comply at all times with all Company policies and procedures applicable to you, including any policies and procedures of the Company that are applicable to you as an employee of the Company.  Nothing herein is intended to modify the at-will nature of your employment with the Company, or to guarantee you continued employment for any particular period of time, or to guarantee you any particular level of compensation. You represent and agree that you have read this Bonus Award Letter, have had an adequate opportunity to review its terms, understand its terms and consequences, and are executing it freely and voluntarily.

This Bonus Award Letter contains the entire understanding between the parties on the subjects covered herein and supersedes all prior agreements, arrangements, and understandings, whether written or oral on the subjects covered herein. You represent that you have not relied on any statement or promise not contained in this Bonus Award Letter in deciding to sign it. This Bonus Award Letter may not be changed orally, but only in a writing signed by both parties.

Brian, kindly sign below and return a fully executed copy to my attention by June 16, 2023. We appreciate your contributions to the Company and look forward to continuing the Company's success.

Sincerely,

GILLSON CAPITAL LP

By:  *Martin Kalish*
Name:   Martin Kalish
Title:    Chief Operating Officer

ACCEPTED AND AGREED:

*Brian Conn*
_____
Name: Brian Conn
Date: 6/16/23