# Exhibit C



August 25, 2023

Brian Conn
████████████
Jupiter, FL  33477

Dear Brian:

      This is to acknowledge Gillson Capital LP's (the "Company") acceptance of your communicated voluntary resignation from employment, effective as of August 25, 2023. This letter sets forth our understanding concerning your separation arrangements and your post-employment obligations to the Company.

      1.    As we have discussed, your last day of employment with the Company will be August 25, 2023 (the "Separation Date"). You will have no further duties or responsibilities following the Separation Date. You shall receive payment of your base salary, less deductions and withholdings, and remain eligible for your current benefits through the Separation Date in accordance with the Company's regular practices, but you shall not be entitled to any further amounts, including in respect of separation pay, notice period, vacation, sick days, or benefits.

      2.    In accordance with the terms of the Company's deferred bonus arrangement, you are not entitled to receive payment of any deferred bonus following your Separation Date and any amount that may have been characterized as a deferred bonus will be forfeited upon your Separation Date.

      3.    Pursuant to the Management Fee Distribution Bonus Award letter agreement you entered into with the Company on April 8, 2023 (the "Bonus Agreement," enclosed herewith for your reference), as you voluntarily resigned your employment with the Company within six (6) months from the anniversary date of the Bonus Agreement you are required to repay to the Company the gross amount of $1,166,293 in full, within ten (10) days (September 4, 2023) of the Separation Date. The Company's wire instructions are attached.

      4.    In addition, pursuant to the Mid-Year Discretionary Bonus Award letter agreement you entered into with the Company on June 16, 2023 (the "Mid-Year Agreement," also enclosed herewith for your reference), you are reminded of your post-employment obligations to the Company. In particular, as further explained in the Mid-Year Agreement, you

are required, at all times, to maintain the confidentiality of and not disclose the Company's Confidential Information (as defined in the Mid-Year Agreement). For the avoidance of doubt, to the extent provided under applicable law, you shall not be held criminally or civilly liable for the disclosure of a trade secret that is made (i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney, and solely for the purpose of reporting or investigating a suspected violation of law, or (ii) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. You also must refrain from, directly or indirectly, soliciting the Company's clients or employees for a period of eighteen (18) months from the Separation Date. And, at all times, you must refrain from making any disparaging or defamatory comments about the Company, and of its affiliates, employees, officers, and other agents or representatives. Please review the complete terms your Mid-Year Agreement relative to your post-employment obligations.

        5.        You are required to return to the Company all company property and equipment of any kind in your possession or control. This includes computer equipment (hardware and software), credit cards, office keys, security access cards, badges, identification cards, and all Confidential Information, files, documents, copies (including drafts) of any documentation or information (both electronic or hard copy, however stored), relating to the business of the Company; *provided that*, as discussed, the Company agrees that you may retain copies of the financial earnings models you used in your covered sectors while at the Company (only) and retain the desktop and monitors at your residence. You are further required to take all steps necessary to purge any and all company property permanently from any computer or digital storage device or system you have used (excluding those at the Company's offices). Kindly also provide us with all login or user information and passwords for any subscription services or other files or devices you utilized on behalf of the Company.

Brian, we thank you for your service to the Company and wish you all the best in your future endeavors. Kindly sign below to acknowledge and agree to the terms of this letter and return a fully executed version to my attention.

    Sincerely,

    GILLSON CAPITAL LP

    By: _/s/ Martin Kalish_____
        Martin Kalish
        Chief Operating Officer

ACKNOWLEDGED AND AGREED:

_____
[DATE]

**Wire Instructions:**
ABA/Routing #: ▮▮▮▮▮▮▮▮▮
Account #: ▮▮▮▮▮▮▮▮▮
To Credit: Gillson Capital LP

Wintrust Bank
231 S. LaSalle Street, Suite 0100S
Chicago, IL 60604
Wire department: 877-271-0559,
wires@wintrust.com